## LIVENGOOD v. MARKUSSON.

Ohio Appeals, 9th Dist., Summit Co.

No. 1592. Decided Nov. 14, 1928.

O. H. Corvington, Akron, for Livengood.
Robert I. Azar, Akron, for Markusson.

PER CURIAM.

The authorities generally support the proposition that at common law the owner of a domesticated cat or dog had such a property right therein as entitled him to maintain a civil action for the wrongful taking, killing, or injuring of the same.

In the case of **State of Ohio v. Robert Lymus, 26 O. S. 400**, it was decided that a dog was not the subject of larceny, but it was therein recognized that the right of property in dogs was protected by civil remedies at common law. And in a recent case, to wit, **Hill v. Micham, 116 O. S. 549,** it was held that the statutes of Ohio in reference to the registration and listing of dogs for taxation, do not create a right of property therein, but that "**apart from statutory provisions**, it is generally held that an injuryy to or wrongful killing of a dog is such an invasion of property as amounts to a civil injury, which may be re-dressed by civil action"; and "This doctrine is the rule at common law and is supported by a large number of decisions from other states."

The holding in the latter case disposes of the question presented in the case at bar; the trial court was wrong in determining that the owner of a domesticated cat does not have a property right therein which is protected in this state by civil remedies.

The judgment of the Municipal Court is therefore reversed and the cause remanded for trial.

Washburn, P. J., Funk, J., and Pardee, J. concur.